UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| | : | |
| *Plaintiff,* | : | CASE NO. 3:08 CV 505 (JAM) |
| | : | |
| v. | : | |
| | : | |
| JOHN N. MILNE, | : | |
| | : | |
| *Defendant.* | : | OCTOBER 23, 2018 |

RULING ON MOTION TO QUASH

The defendant, John N. Milne, and the respondent, Attorney Andrew Bowman,[1] have filed a motion to quash the subpoena *duces tecum* that the plaintiff, the Securities and Exchange Commission ("Commission"), served upon the respondent on July 11, 2018. (*See* Doc. No. 45 at 1; Doc. No. 45 at 6, Ex. A.) The defendant and the respondent argue that the Court should grant their motion because production of the documents that the Commission seeks would violate the Fifth Amendment protection against self-incrimination, the Sixth Amendment right to the effective assistance of counsel, the attorney-client privilege, and the work product doctrine. (Doc. No. 45 at 1). The Commission responds that, because the documents it seeks relate to the defendant's payment of fees to the respondent, the documents are not privileged or otherwise protected and, therefore, the motion should be denied. (Doc. No. 47 at 2.) For the reasons detailed below, the Motion to Quash (Doc. No. 45) is DENIED; the respondent shall comply with the subpoena one week after the defendant's criminal appeal has been resolved.

I.       BACKGROUND

---

[1] On May 22, 2018, the defendant retained the respondent to handle his appeal in a related criminal matter. *See United States v. Milne*, 3:08CR90(JCH), Doc. No. 231.

On October 13, 2009, the defendant pleaded guilty to one count of conspiracy to falsify the books and records of United Rentals, Inc. while he served as its Chief Financial Officer, in violation of 18 U.S.C. § 371. *See Milne*, Doc. No. 75. As part of the plea agreement, the defendant agreed to pay $6,250,000 in disgorgement to the Commission. *Id.* The Court sentenced the defendant to 27 months' imprisonment, followed by 36 months' supervised release. *See id.* at Doc. No. 89. The Court imposed numerous special conditions on the defendant's supervised release, including, *inter alia*, that "[t]he defendant shall comply with the conditions of the plea agreement dated October 9, 2009, as it relates to the Disgorgement in Lieu of Restitution and Fine. This requires the defendant to make payments to the [Commission] in the total amount of $6,250,000.00." *Id.* The final judgment included a payment schedule regarding the disgorgement, which provided, *inter alia*:

> A. Defendant shall pay the first $1 million of the disgorgement in three installment payments according to the following schedule: (1) $333,333 within 90 days of entry of this Final Judgment; (2) an additional $333,333 within 180 days of entry of this Final Judgment; and (3) an additional $333,334 within 270 days of this Final Judgment (the "payment schedule").

> B. After Defendant complies with the payment schedule set forth above, he shall satisfy the remaining disgorgement balance due of $5.25 million plus applicable post-judgment interest within three (3) years after the entry of this Final Judgment.

(Doc. No. 40.)

On April 5, 2018, the defendant admitted to violating the special condition of his supervised release that required him to pay to the Commission $6,250,000.[2] *See Milne*, at Doc. No. 217. Accordingly, the Court sentenced the defendant to an additional 24 months' imprisonment, with no supervised release to follow. *Id.* On April 19, 2018, the defendant filed a

[2] The defendant admitted also to violating standard condition #1 of his supervised release, which prohibited the defendant from leaving the judicial district or other specified geographic area without the permission of the Court or the Probation Office. *See Milne*, Doc. No. 217.

notice of appeal regarding the Court's order revoking supervised release and the defendant's 24-month sentence, and on May 22, 2018, the defendant retained the respondent as his appellate counsel. *See id.* at Doc. No. 222; *see also supra* note 1.

On June 25, 2018, the Commission served the respondent with a subpoena, which required the respondent to:

A. Produce all Documents Relating To any payment made by or on behalf of the [defendant and/or any entities owned or controlled by the defendant], including but not limited to payment documentation such as checks (front and back), receipts, and wire transfer authorizations and confirmations.

B. Produce all Documents Relating To any and all records of fees, monies, property or other things of value (including the payment of expenses related to leisure activities such as vacations, flights, hotel accommodations, and meals) received, accepted, transferred or held by [the respondent] to any payments made by or on behalf of the [defendant and/or any entities owned or controlled by the defendant].

C. Produce all Documents Relating To any bank, financial institution, or financial account of or for the benefit of the [defendant and/or any entities owned or controlled by the defendant], including, but not limited to, application material, account statements, and ABA routing numbers.

(Doc. No. 45 at 12, Ex. A.)

On August 2, 2018, the defendant and the respondent filed this Motion to Quash (Doc. No. 45) with an accompanying memorandum (Doc. No. 46). On August 21, 2018, the Commission filed its response. (Doc. No. 47.) On August 22, 2018, the Court referred the Motion to Quash to this Magistrate Judge. (Doc. No. 48.) Following a status conference on September 6, 2018, the Court ordered that the parties may file supplemental memoranda addressing whether it should defer decision on the motion until the defendant's criminal appeal has been decided. (Doc. No. 51, citing *United States v. Saccoccia*, 898 F. Supp. 53, 56 (D.R.I. 1995) (deferring decision on government's application until after appeal was resolved.)). On September 27, 2018, both parties

filed supplemental memoranda (*see* Doc. Nos. 52 & 53), and on October 5, 2018, the Commission filed its reply memorandum (*see* Doc. No. 54).

II.    DISCUSSION

The defendant and the respondent argue that production of the documents sought in the subpoena would violate the defendant's Fifth Amendment protection against self-incrimination, the defendant's Sixth Amendment right to the effective assistance of counsel, the attorney-client privilege, and the work product doctrine.  (Doc. No. 46 at 6; *see also* Doc. No. 53 at 3–4.)  They argue additionally that, because the defendant retained the respondent as his appellate counsel, compliance with the subpoena would create a potential conflict of interest between them (Doc. No. 46 at 6; *see also* Doc. No. 3–4), and that the information sought by the Commission could be "readily obtained from institutions not connected with [the defendant's] attorney."  (Doc. 46 at 2.) The Commission responds that, pursuant to FED. R. CIV. P. 69, it has a "right to comprehensive post-judgment discovery to identify and execute against Defendant's assets."  (Doc. No. 47 at 5.) Additionally, the Commission argues that the financial records it seeks are not privileged (Doc. No. 47 at 7), do not implicate the Fifth Amendment (Doc. No. 47 at 9), do not implicate the Sixth Amendment (Doc. No. 47 at 12), and that deferring decision on the motion is "unjustified and irreparably prejudicial to the Commission and the United States (as holder of the related Criminal Judgment)."  (Doc. No. 52 at 2.)

Federal Rule of Civil Procedure 69(a)(2) provides: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor— as provided in these rules or by the procedure of the state for where the court is located."  *See also Sberbank of Russia v. Traisman*, No. 14-CV-216, 2016 WL 4479533, at *1 (D. Conn. Aug. 23, 2016) ("Federal Rule of Civil Procedure 69(a)(2) provides that a judgment creditor may conduct

a broad post-judgment discovery 'in aid of the judgment or execution.' Judgment creditors are entitled to a very thorough examination of a judgment debtor with respect to its assets, including discovery of the identity and location of any of the judgment debtor's assets, wherever located."). Federal Rule of Civil Procedure 45(d)(3)(iii) provides, however, that the court is required to quash or modify a subpoena that "requires disclosure of privileged or otherwise protected matter, if no exception or waiver applies."

The Second Circuit has "consistently held that, absent special circumstances, client identity and fee information are not privileged." *In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d 238, 247 (2d Cir. 1986), *citing In re Shargel*, 742 F.2d 61, 62 (2d Cir. 1984); *Colton v. United States*, 306 F.2d 633, 637–38 (2d Cir. 1962), *cert. denied*, 371 U.S. 752 (1963); *United States v. Pape*, 144 F.2d 778, 782 (2d Cir.), *cert. denied*, 323 U.S. 752 (1944). This is true even when disclosure of identity and fee information might incriminate the client. *See In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d at 248; *see also Lefcourt v. United States*, 125 F.3d 79, 86 (2d Cir. 1997) (explaining that although "the meaning of the special circumstances exception to the rule" that client identity and fee information are not privileged has not been defined, "the 'asserted possibility' that a client may be incriminated by disclosure does not constitute a special circumstance."); *In re Shargel*, 742 F.2d at 62–63 (stating that client identity and fee information are "not protected by the [attorney-client] privilege even though the client may strongly fear the effects of disclosure, including incrimination."). Moreover, "[f]ee information may be sought as evidence of unexplained wealth which may have been derived from criminal activity . . . . As a general rule . . . such information is not protected from disclosure by the attorney-client privilege." *Id.*

The present case presents a different procedural posture from the cases cited above. Here, the Commission is seeking documents from the respondent, who is actively representing the defendant in his pending criminal appeal. This criminal appeal addresses the sentence imposed on the defendant for violating the terms of his supervised release by failing to pay the Commission over $5 million owed in connection with the underlying criminal prosecution. In other words, the subpoena at issue here seeks fee information from an attorney representing a defendant challenging a judicial finding that he willfully failed to pay the Commission and, as a result, should receive the maximum possible sentence. There was a similar procedural background in *Saccoccia*, 898 F. Supp. at 56, where the court noted that it deferred action on the government's application to depose the defendants' lawyers while, *inter alia*, the defendants' criminal appeals were pending.[3] The court reasoned that it deferred deciding the motion because resolution of the pending cases "would significantly affect the issues presented in [that] case . . . ." *Id.*

The Commission argues that this Court should deny the motion to quash and order the respondent "to produce all responsive documents immediately" because it "will suffer irreparable harm if the Court defers ruling on the Motion." (Doc. No. 52 at 5). The Commission's argument is unpersuasive. Though the Court credits the Commission's claim that obtaining the sought-after information by issuing subpoenas to financial institutions would be difficult and impractical, the Commission has not established why a delay would further hamper its efforts. The Commission served the respondent with the subpoena on July 11, 2018. (Doc. No. 45 at 1.) Over three months have passed since the issuance of the subpoena. The Commission has not set forth any persuasive

---

[3] Additionally, the Court deferred action on the government's application because one of the defendants was awaiting trial in another state, and there was litigation pending related to a local rule that required prosecutors to obtain judicial approval before issuing subpoenas directing lawyers to turn over evidence related to their clients. *Saccoccia*, 898 F. Supp. at 56.

reason why it would be unduly prejudicial to wait until the defendant's criminal appeal is decided to collect the documents from the respondent.

On the other hand, central to the defendant's pending appeal is the defendant's failure to pay the entire obligation owed to the Commission. (*See, e.g.*, Doc. No. 53 at 21, Ex. B.) If the respondent is required produce immediately the documents that the Commission seeks in the subpoena, the government could use such documents against the defendant—the respondent's client—in a potential remand proceeding should the defendant succeed on appeal. Therefore, as in *Saccoccia*, the resolution of the defendant's appeal could significantly affect the issue presented in this motion. Accordingly, the respondent should be required to comply with the Commission's subpoena only after the defendant's criminal appeal has been decided, as the Commission has not shown that it will be prejudiced by delaying compliance until after completion of the defendant's criminal appeal.

III.  <u>CONCLUSION</u>

For the reasons stated above, the defendant's and respondent's Motion to Quash (Doc. No. 45) is DENIED; the respondent shall comply with the subpoena one week after the defendant's criminal appeal has been resolved.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); and D. CONN. L. CIV. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

SO ORDERED this 23rd day of October, 2018 at New Haven, Connecticut.

 _/s/ *Robert M. Spector*, USMJ
Robert M. Spector
United States Magistrate Judge